FILED

2016 JUN 21  PM 3: 35

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

MIDDLE DISTRICT
ORLANDO, FL

LIGHTING SCIENCE GROUP
CORPORATION,

      Plaintiff,

v.

HUBBELL INCORPORATED,
PRESCOLITE, INC., and
PROGRESS LIGHTING, INC.

      Defendant.

_____/

Civil Action No. 6:16-CV-1064-ORL-41DAB

**JURY TRIAL DEMANDED**

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Lighting Science Group Corporation, through its attorneys, alleges the following:

### PARTIES

1.    Plaintiff Lighting Science Group Corporation ("LSG" and/or "Plaintiff") is a corporation organized and existing under the laws of the state of Delaware, with its principal place of business at 811 N. Atlantic Avenue, Cocoa Beach, Florida 32931.

2.    Upon information and belief, Defendant Hubbell Incorporated ("Hubbell") is a corporation organized and existing under the laws of the state of Delaware with its principal place of business located at 40 Waterview Drive, Shelton, Connecticut 06484, but does business throughout the United States, including Florida and whose registered agent in Florida is Corporation Service Company located at 1201 Hays Street, Tallahassee, Florida 32301-2525.

3.    Upon information and belief, Defendant Prescolite Inc. ("Prescolite"), a wholly owned subsidiary of Defendant Hubbell, is a corporation organized and existing under the laws of

the state of Delaware with its principal place of business located at 701 Millennium Boulevard, Greenville, South Carolina 29607, but does business throughout the United States, including Florida and whose registered agent in Florida is Corporation Service Company located at 1201 Hays Street, Tallahassee, Florida 32301-2525.

4.     Upon information and belief, Defendant Progress Lighting, Inc. ("Progress Lighting"), a wholly owned subsidiary of Defendant Hubbell, is a corporation organized and existing under the laws of the state of Delaware with its principal place of business located at 701 Millennium Boulevard, Greenville, South Carolina 29607 (with Defendants Hubbell and Prescolite, collectively, "Defendants"), but does business throughout the United States, including Florida and whose registered agent in Florida is Corporation Service Company located at 1201 Hays Street, Tallahassee, Florida 32301-2525.

## JURISDICTION AND VENUE

5.     This is a claim for patent infringement and arises under the patent laws of the United States, Title 35 of the United States Code. This Court has jurisdiction over the subject matter of this claim under 28 U.S.C. §§ 1331 and 1338(a).

6.     This Court has personal jurisdiction over the Defendants because the Defendants are transacting business within this District and have committed acts and, on information and belief, will continue to commit acts within this District giving rise to this action, including offering to sell and selling infringing products and/or placing infringing products, directly or through intermediaries (including distributors, retailers, and others), into the stream of commerce in such a way as to reach customers in this District. Defendants have purposefully and voluntarily sold one or more of their infringing products with the expectation that they will be purchased by consumers in this District. These infringing products have been and continue to be purchased by consumers in this District. Defendants have committed acts of patent infringement within the

United States and more particularly, within this District.

7.      Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b).

## COUNT I
### (Infringement of U.S. Patent No. 8,201,968)

8.      Plaintiff repeats and re-alleges Paragraphs 1-7 as though fully set forth herein.

9.      Plaintiff LSG is the owner by assignment of United States Patent No. 8,201,968 entitled "Low Profile Light," which was duly and legally issued by the USPTO on June 19, 2012 (the "'968 Patent"). A true and correct copy of the '968 Patent is attached hereto as Exhibit A.

10.     The '968 Patent is valid and enforceable and Plaintiff has the full right to recover for past infringement damages and the right to recover future royalties, damages and income.

11.     To the extent any marking or notice was required by 35 U.S.C. § 287, Plaintiff, and all predecessors in interest and/or implied or express licensees of the '968 Patent, if any, have complied with the marking requirements of 35 U.S.C. § 287 by placing a notice of the '968 Patent on all goods made, offered for sale, sold, and/or imported into the United States that embody one or more claims of that patent and/or providing actual or constructive notice to Defendant.

12.     On December 9, 2015, Defendants received notice of the '968 Patent.  Plaintiff's notice to Defendants referred to Defendants' "Surface Mount family of products". The Surface Mount family of products are a subject of this complaint.

13.     Upon information and belief, since at least December 9, 2015, when Plaintiff formally placed Defendants on notice of their infringement, Defendants have infringed and will continue to infringe at least Claims 1, 2, 5, 6, 14, 15, 16, and 18 of the '968 Patent by, among other activities, making, using, selling or offering to sell in or importing into the United States its LBSLEDA10L products. Defendants are liable for direct infringement, either literally or under the doctrine of equivalents, of the '968 Patent pursuant to 35 U.S.C. §271 (a).

14.     Upon information and belief, since at least December 9, 2015, when Plaintiff formally placed Defendants on notice of their infringement, Defendants have been and continue to induce, under 35 U.S.C. §271(b), consumers, distributors, importers and/or resellers that purchase or sell LBSLEDA10L products to directly infringe at least Claims 1, 2, 5, 6, 14, 15, 16 and 18 of the '968 Patent. Since at least December 9, 2015, the date when Plaintiff formally placed Defendants on notice of their infringement, Defendants do so with knowledge, or with willful blindness of the fact, that the induced acts constitute infringement of the '968 patent.   Upon information and belief, Defendants intend to cause, and have taken affirmative steps to induce, infringement by these third-party manufacturers, distributors, importers, and/or consumers by, *inter alia*, creating advertisements that promote the infringing use of LBSLEDA10L products, creating established distribution channels for these products into and within the United States, purchasing these products, manufacturing these products in conformity with U.S. laws and regulations, distributing or making available instructions or manuals for these products to purchasers and prospective purchasers, and/or providing technical support, replacement parts, or services for these products to these purchasers in the United States.

15.     Upon information and belief, since at least December 9, 2015, when Plaintiff formally placed Defendants on notice of their infringement, Defendants have infringed and will continue to infringe at least Claims 1, 2, 14, 15, and 16 of the '968 Patent by, among other activities, making, using, selling or offering to sell in or importing into the United States its P8222 products. Defendants are liable for direct infringement, either literally or under the doctrine of equivalents, of the '968 Patent pursuant to 35 U.S.C. §271 (a).

16.     Upon information and belief, since at least December 9, 2015, when Plaintiff formally placed Defendants on notice of the infringement of their LBSLEDA10L products, Defendants have been and continue to induce, under 35 U.S.C. §271(b), consumers, distributors,

importers and/or resellers that purchase or sell P8222 products, to directly infringe at least Claims 1, 2, 14, 15, and 16 of the '968 Patent.   Since at least December 9, 2015, the date when Plaintiff formally placed Defendants on notice of their infringement, Defendants do so with knowledge, or with willful blindness of the fact, that the induced acts constitute infringement of the '968 patent. Upon information and belief, Defendants intend to cause, and have taken affirmative steps to induce, infringement by these third-party manufacturers, distributors, importers, and/or consumers by, *inter alia*, creating advertisements that promote the infringing use of P8222 products, creating established distribution channels for these products into and within the United States, purchasing these products, manufacturing these products in conformity with U.S. laws and regulations, distributing or making available instructions or manuals for these products to purchasers and prospective purchasers, and/or providing technical support, replacement parts, or services for these products to these purchasers in the United States.

17.     Plaintiff has at no time either expressly or impliedly licensed any of the Defendants to practice the '968 Patent.

18.     Defendants' infringement has injured Plaintiff, and Plaintiff is entitled to recover damages adequate to compensate it for such infringement.

19.     Upon information and belief, Defendants' acts of infringement are willful, warranting the assessment of increased damages pursuant to 35 U.S.C. § 284, and warrant a finding that this is an exceptional case, pursuant to 35 U.S.C. § 285.

20.     Defendants' infringing activities have injured and will continue to injure Plaintiff, unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further manufacture, use, sale, importation, and/or offer for sale of products that come within the scope of the claims of the '968 Patent.

## COUNT II
### (Infringement of U.S. Patent No. 8,672,518)

21.    Plaintiff repeats and re-alleges Paragraphs 1-7 as though fully set forth herein.

22.    Plaintiff LSG is the owner by assignment of United States Patent No. 8,672,518 entitled "Low Profile Light And Accessory Kit For The Same," which was duly and legally issued by the USPTO on March 18, 2014 (the "'518 Patent"). A true and correct copy of the '518 Patent is attached hereto as Exhibit B.

23.    The '518 Patent is valid and enforceable and Plaintiff has the full right to recover for past infringement damages and the right to recover future royalties, damages and income.

24.    To the extent any marking or notice was required by 35 U.S.C. § 287, Plaintiff, and all predecessors in interest and/or implied or express licensees of the '518 Patent, if any, have complied with the marking requirements of 35 U.S.C. § 287 by placing a notice of the '518 Patent on all goods made, offered for sale, sold, and/or imported into the United States that embody one or more claims of that patent and/or providing actual or constructive notice to Defendant.

25.    On December 9, 2015, Defendants received notice of the '968 Patent.  Plaintiff's notice to Defendants referred to Defendants' "Surface Mount family of products". The Surface Mount family of products are a subject of this complaint.

26.    Upon information and belief, since at least, December 9, 2015, when Plaintiff formally placed Defendants on notice of their infringement, Defendants have infringed and will continue to infringe at least Claims 1, 3, 4, 5, 6, 9, 11, 12 and 13 of the '518 Patent by, among other activities, making, using, selling or offering to sell in or importing into the United States its LBSLEDA10L products. Defendants are liable for direct infringement, either literally or under the doctrine of equivalents, of the '518 Patent pursuant to 35 U.S.C. §271 (a).

27.    Upon information and belief, since at least December 9, 2015, when Plaintiff

formally placed Defendants on notice of their infringement, Defendants have been and continue to induce, under 35 U.S.C. §271(b), consumers, distributors, importers and/or resellers that purchase or sell LBSLEDA10L products, to directly infringe at least Claims 1, 3, 4, 5, 6, 9, 11, 12, and 13 of the '518 Patent.   Since at least December 9, 2015, the date when Plaintiff formally placed Defendants on notice of their infringement, Defendants do so with knowledge, or with willful blindness of the fact, that the induced acts constitute infringement of the '518 patent.   Upon information and belief, Defendants intend to cause, and have taken affirmative steps to induce, infringement by these third-party manufacturers, distributors, importers, and/or consumers by, *inter alia*, creating advertisements that promote the infringing use of LBSLEDA10L products, creating established distribution channels for these products into and within the United States, purchasing these products, manufacturing these products in conformity with U.S. laws and regulations, distributing or making available instructions or manuals for these products to purchasers and prospective purchasers, and/or providing technical support, replacement parts, or services for these products to these purchasers in the United States.

28.     Upon information and belief, since at least, December 9, 2015, when Plaintiff formally placed Defendants on notice of their infringement, Defendants have infringed and will continue to infringe at least Claims 1, 3, 5, 6, 7, 8, 11, and 14 of the '518 Patent by, among other activities, making, using, selling or offering to sell in or importing into the United States its P8080 products. Defendants are liable for direct infringement, either literally or under the doctrine of equivalents, of the '518 Patent pursuant to 35 U.S.C. §271 (a).

29.     Upon information and belief, since at least December 9, 2015, when Plaintiff formally placed Defendants on notice of the infringement of their LBSLEDA10L products, Defendants have been and continue to induce, under 35 U.S.C. §271(b), consumers, distributors, importers and/or resellers that purchase or sell P8080 products, to directly infringe at least Claims

1, 3, 5, 6, 7, 8, 11, and 14 of the '518 Patent.   Since at least December 9, 2015, the date when Plaintiff formally placed Defendants on notice of their infringement, Defendants do so with knowledge, or with willful blindness of the fact, that the induced acts constitute infringement of the '518 patent.   Upon information and belief, Defendants intend to cause, and have taken affirmative steps to induce, infringement by these third-party manufacturers, distributors, importers, and/or consumers by, *inter alia*, creating advertisements that promote the infringing use of P8080 products, creating established distribution channels for these products into and within the United States, purchasing these products, manufacturing these products in conformity with U.S. laws and regulations, distributing or making available instructions or manuals for these products to purchasers and prospective purchasers, and/or providing technical support, replacement parts, or services for these products to these purchasers in the United States.

30.    Plaintiff has at no time either expressly or impliedly licensed any of the Defendants to practice the '518 Patent.

31.    Defendants' infringement has injured Plaintiff, and Plaintiff is entitled to recover damages adequate to compensate it for such infringement.

32.    Upon information and belief, Defendants' acts of infringement are willful, warranting the assessment of increased damages pursuant to 35 U.S.C. § 284, and warrant a finding that this is an exceptional case, pursuant to 35 U.S.C. § 285.

33.    Defendants' infringing activities have injured and will continue to injure Plaintiff, unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further manufacture, use, sale, importation, and/or offer for sale of products that come within the scope of the claims of the '518 Patent.

## COUNT III
### (Infringement of U.S. Patent No. 8,967,844)

34.     Plaintiff repeats and re-alleges Paragraphs 1-7 as though fully set forth herein.

35.     Plaintiff is the owner by assignment of United States Patent No. 8,967,844 entitled "Low Profile Light And Accessory Kit For The Same," which was duly and legally issued by the USPTO on March 3, 2015 (the "'844 Patent"). A true and correct copy of the '844 Patent is attached hereto as Exhibit C.

36.     The '844 Patent is valid and enforceable and Plaintiff has the full right to recover for past infringement damages and the right to recover future royalties, damages and income.

37.     To the extent any marking or notice was required by 35 U.S.C. § 287, Plaintiff, and all predecessors in interest and/or implied or express licensees of the '844 Patent, if any, have complied with the marking requirements of 35 U.S.C. § 287 by placing a notice of the '844 Patent on all goods made, offered for sale, sold, and/or imported into the United States that embody one or more claims of that patent and/or providing actual or constructive notice to Defendants.

38.     Upon information and belief, since at least, December 9, 2015, when Plaintiff formally placed Defendants on notice of their infringement, Defendants have infringed and will continue to infringe at least Claims 1, 2, 7, 9, 11, 12, 14, 16, 17, 21, 22, 23, and 24 of the '844 Patent by, among other activities, making, using, selling or offering to sell in or importing into the United States its P8080 products. Defendants are liable for direct infringement, either literally or under the doctrine of equivalents, of the '518 Patent pursuant to 35 U.S.C. §271 (a).

39.     Upon information and belief, since at least December 9, 2015, when Plaintiff formally placed Defendants on notice of the infringement of their LBSLEDA10L products, Defendants have been and continue to induce, under 35 U.S.C. §271(b), consumers, distributors, importers and/or resellers that purchase or sell P8080 products, to directly infringe at least Claims

Case 6:16-cv-01084-CEM-DAB   Document 1   Filed 06/21/16   Page 10 of 12 PageID 10


1, 2, 7, 9, 11, 12, 14, 16, 17, 21, 22, 23, and 24 of the '844 Patent.   Since at least December 9, 2015, the date when Plaintiff formally placed Defendants on notice of their infringement, Defendants do so with knowledge, or with willful blindness of the fact, that the induced acts constitute infringement of the '844 patent.   Upon information and belief, Defendants intend to cause, and have taken affirmative steps to induce, infringement by these third-party manufacturers, distributors, importers, and/or consumers by, *inter alia*, creating advertisements that promote the infringing use of P8080 products, creating established distribution channels for these products into and within the United States, purchasing these products, manufacturing these products in conformity with U.S. laws and regulations, distributing or making available instructions or manuals for these products to purchasers and prospective purchasers, and/or providing technical support, replacement parts, or services for these products to these purchasers in the United States.

40.     Plaintiff has at no time either expressly or impliedly licensed any of the Defendants to practice the '844 Patent.

41.     Defendants' infringement has injured Plaintiff, and Plaintiff is entitled to recover damages adequate to compensate it for such infringement.

42.     Defendants' acts of infringement are willful, warranting the assessment of increased damages pursuant to 35 U.S.C. § 284, and warrant a finding that this is an exceptional case, pursuant to 35 U.S.C. § 285.

43.     Defendants' infringing activities have injured and will continue to injure Plaintiff, unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further manufacture, use, sale, importation, and/or offer for sale of products that come within the scope of the claims of the '844 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully asks this Court to enter judgment against Defendants

and against its respective subsidiaries, successors, parents, affiliates, officers, directors, agents, servants, and employees, and all persons in privity or active concert or participation with Defendants, granting the following relief:

A. the entry of judgment in favor of Plaintiff and against Defendants for the infringement of the '968 Patent, the '518 Patent, and the '844 Patent;

B. a preliminary injunction prohibiting further infringement of each of the '968 Patent, the '518 Patent, and the '844 Patent by Defendants, their agents, employees, representatives, successors and assigns and those acting in privity or in concert with them;

C. a permanent injunction prohibiting further infringement of each of the '968 Patent, the '518 Patent, and the '844 Patent by Defendants, their agents, employees, representatives, successors and assigns and those acting in privity or in concert with them;

D. an award of actual damages against Defendants for damages arising from the infringement of each of the '968 Patent, the '518 Patent, and the '844 Patent including treble damages for willful infringement, pursuant to 35 U.S.C. § 284;

E. an award of damages against Defendants for pre-judgment and post-judgment interest on the damages awarded, including an award of prejudgment interest, pursuant to 35 U.S.C. §284, from the date of each act of infringement of the '968 Patent, the '518 Patent, and the '844 Patent by Defendants to the day a damages judgment is entered and a further award of post-judgment interest, pursuant to 28 U.S.C. §1961, continuing until such judgment is paid, at the maximum rate allowed by law;

F. the entry of judgment that this case is exceptional, and award treble damages,

attorney fees, and the costs of this action, pursuant to 35 U.S.C. § 285;

G.  in the event a final injunction is not granted, a compulsory ongoing royalty; and

H.  such other relief to which Plaintiff is entitled under law, and any other and further

relief that this Court or a jury may deem just and proper.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury on all issues so triable.

/s/*Mark F. Warzecha*
Mark F. Warzecha
Florida Bar No. 95779
**WIDERMAN MALEK PL**
1990 W. New Haven Ave., Ste. 201
Melbourne, Florida 32904
Tel. (321) 255-2332
Fax (321) 255-2351
MFW@USLegalTeam.com